UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RYAN CHRISTIAN,

    Plaintiff,

-vs-

                                  CASE NO.:

CREDIT ONE BANK, N.A., and
MIDLAND CREDIT MANAGEMENT,
INC.,

    Defendant(s).
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, Ryan Christian, by and through the undersigned counsel, and sues Defendant(s), Credit One Bank, N.A., ("Credit One"), and Midland Credit Management, Inc., ("Midland Credit"), in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq*. ("FCCPA").

## INTRODUCTION

1. The TCPA was enacted to prevent companies like Defendants from invading American citizen's privacy and prevent abusive "robo-calls."

2. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, --US--, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

3. "Senator Hollings, the TCPA's sponsor, described these calls as 'the ***1256** scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: "telling the auto-dialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

4. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), http://transition.fcc.gov/Daily_Releases/Daily_Business/2015/db0527/DOC-333676A1.pdf.

**JURISDICTION AND VENUE**

5. This is an action for damages exceeding Seventy-Five Thousand Dollars ($75,000.00), exclusive of attorney fees and costs.

6. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

7. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014)

8. The alleged violations described herein occurred in Tampa, Hillsborough County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2) as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

9. Plaintiff is a natural person, and citizen of the State of Florida, residing in Tampa, Hillsborough County, Florida

10. Plaintiff is a "consumer" as defined in Florida Statute § 559.55(8).

11. Plaintiff is an "alleged debtor."

12. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

13. Defendant, Credit One, is a Corporation and National Association with its principal place of business located at 6801 South Cimarron Road, Las Vegas, Nevada 89113, and which conducts business in the State of Florida.

14. Defendant, Midland Credit, is a Corporation with its principal place of business located at 3111 Camino Del Rio North, Suite 103, San Diego, California 92108, and which conducts business in the State of Florida through its registered agent Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

15. The debt that is the subject matter of this Complaint is a "consumer debt" as defined by Florida Statute §559.55(6).

16. Defendants are "creditors" as defined in Florida Statute §559.55(5).

17. Credit One called Plaintiff on Plaintiff's cellular telephone approximately two hundred (200) times in an attempt to collect a debt.

18. Midland Credit called Plaintiff's cellular telephone approximately four hundred (400) times in an attempt to collect a debt.

19. Defendants attempted to collect an alleged debt from Plaintiff by this campaign of telephone calls.

20. Upon information and belief, some or all of the calls the Defendants made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system", which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or pre-recorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "auto-dialer calls"). Plaintiff will testify that he knew it was an auto-dialer because of the vast number of calls he received and because he heard a pause when he answered his phone before an agent(s)/representative(s) of Credit One and/or Midland Credit would come on the line.

21. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (954) ***- 4896, and was the called party and recipient of Defendants' calls.

22. Credit One placed an exorbitant number of automated calls to Plaintiff's cellular telephone (954) ***-4896 in an attempt to collect on a credit card loan.

23. Midland Credit placed an exorbitant number of automated calls to Plaintiff's cellular telephone (954) *** - 4896 in attempt to collect on a credit card loan.

24. On several occasions over the last four (4) years Plaintiff instructed Credit One's and/or Midland Credit's agent(s) to stop calling his cellular telephone.

25. In or about March of 2016, and on numerous other occasions, Plaintiff answered a call from Credit One to his aforementioned cellular telephone number, was met with an extended pause, held the line, was eventually connected to an agent/representative of Credit One, informed the agent that he was disputing a charge on the account, that the calls to his cellular telephone number were harassing, and demanded that they cease calling his cellular telephone number.

26. Additionally, in or about August of 2016, and on numerous other occasions, Plaintiff answered a call from Midland Credit to his aforementioned cellular telephone number, was met with an extended pause, held the line, was eventually connected to an agent/representative of Midland Credit, explained to the agent that the calls to his cellular telephone number were harassing and unnecessary, and demanded that they cease calling his cellular telephone number.

27. Despite clearly and unequivocally revoking any consent Defendants may have believed they had to call Plaintiff on his cellular telephone, Defendants continued to place automated calls to Plaintiff's cellular telephone number.

28. Credit One and/or Midland Credit have a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as it did to Plaintiff's cellular telephone in this case.

29. Credit One has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice just as it did to Plaintiff's cellular telephone in this case, with no way for the consumer, Plaintiff, or Credit One to remove the cellular telephone number.

30. Midland Management has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice just as it did to Plaintiff's cellular telephone in this case, with no way for the consumer, Plaintiff, or Midland Credit to remove the cellular telephone number

31. Credit One's corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to Credit One they wish for the calls to stop.

32. Midland Credit's corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to Midland Credit they wish for the calls to stop.

33. Credit One and/or Midland Credit has numerous other federal lawsuits pending against it alleging similar violations as stated in this Complaint.

34. Credit One and/or Midland Credit has numerous complaints across the country against it asserting that its automatic telephone dialing system continues to call despite requested to stop.

35. Credit One and/or Midland Credit has had numerous complaints from consumers across the country against it asking to not be called; however, Defendants continue to call the consumers.

36. Credit One's and/or Midland Credit's corporate policy provided no means for Plaintiff to have his cellular telephone number removed from Defendants' call lists.

37. Credit One and/or Midland Credit has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

38. Not a single call placed by Credit One and/or Midland Credit to Plaintiff were placed for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

39. Credit One and/or Midland Credit willfully and/or knowingly violated the TCPA with respect to Plaintiff.

40. From each and every call placed without consent by Credit One and/or Midland Credit to Plaintiff's cellular telephone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon his right of seclusion.

41. From each and every call without express consent placed by Credit One and/or Midland Credit to Plaintiff's cellular telephone, Plaintiff suffered the injury of occupation of his cellular telephone line and cellular telephone by unwelcome calls, making the cellular telephone unavailable for legitimate callers or outgoing calls while the cellular telephone was ringing from Credit One's and/or Midland Credit's calls.

42. From each and every call placed without express consent by Credit One and/or by Midland Credit to Plaintiff's cellular telephone, Plaintiff suffered the injury of unnecessary expenditure of his time. For calls he answered, the time he spent on the call was unnecessary as he repeatedly asked for the calls to stop. Even for unanswered calls, Plaintiff had to waste time to unlock the cellular telephone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular telephone, which are designed to inform the user of important missed communications.

43. Each and every call placed without express consent by Credit One and/or by Midland Credit to Plaintiff's cellular telephone was an injury in the form of a nuisance and annoyance to Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to waste time to unlock the cellular telephone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular telephone, which are designed to inform the user of important missed communications.

44. Each and every call placed without express consent by Credit One and/or Midland Credit to Plaintiff's cellular telephone resulted in the injury of unnecessary expenditure of Plaintiff's cellular telephone's battery power.

45. Each and every call placed without express consent by Credit One and/or Midland Credit to Plaintiff's cellular telephone where a voice message was left which occupied space in Plaintiff's cellular telephone or network.

46. Each and every call placed without express consent by Credit One and/or Midland Credit to Plaintiff's cellular telephone resulted in the injury of a trespass to Plaintiff's chattel, namely his cellular telephone and his cellular telephone services.

47. As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affected in a personal and individualized way by stress, anxiety, and aggravation.

## COUNT I
### (Credit One Bank, N.A., violation of the TCPA)

48. Plaintiff fully incorporates and re-alleges paragraphs one (1) through forty-seven (47) as if fully set forth herein.

49. Defendant willfully violated the TCPA with respect to Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that he wished for the calls to stop.

50. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Credit One Bank, N.A., for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Midland Credit Management, Inc., violation of the TCPA)

51. Plaintiff fully incorporates and re-alleges paragraphs one (1) through forty-seven (47) as if fully set forth herein.

52. Defendant willfully violated the TCPA with respect to Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that he wished for the calls to stop.

53. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Midland Credit Management, Inc., for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT III
### (Credit One Bank, N.A., violation of the FCCPA)

54. Plaintiff fully incorporates and re-alleges paragraphs one (1) through forty-seven (47) as if fully set forth herein.

55. At all times relevant to this action Defendant is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

56. Defendant has violated Florida Statute § 559.72(7) by willfully communicating with the debtor or any member of his or her family with such frequency as can reasonably be expected to harass the debtor or his or her family.

57. Defendant has violated Florida Statute § 559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of his or her family.

58. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute § 559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Credit One Bank, N.A., for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT IV
**(Midland Credit Management, Inc., violation of the FCCPA)**

59. Plaintiff fully incorporates and re-alleges paragraphs one (1) through forty-seven (47) as if fully set forth herein.

60. At all times relevant to this action Defendant is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

61. Defendant has violated Florida Statute § 559.72(7) by willfully communicating with the debtor or any member of his or her family with such frequency as can reasonably be expected to harass the debtor or his or her family.

62. Defendant has violated Florida Statute § 559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of his or her family.

63. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute § 559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Midland Credit Management, Inc., for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

    Respectfully submitted,

    /s/ Shaughn C. Hill

Shaughn C. Hill, Esquire
FBN: 105998
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel: (813) 223-5505
Fax: (813) 223-5402
shill@forthepeople.com
jsherwood@forthepeople.com
lcrouch@forthepeople.com
*Counsel for Plaintiff*